CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JAN 30 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| HOPE M. DAMATA,<br><br>          *Plaintiff,*<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>*Commissioner of Social Security,*<br><br>          *Defendant.* | CIVIL ACTION NO. 6:11-CV-00019<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the court on consideration of the following: the parties' cross-motions for summary judgment (docket nos. 16 and 18); the Report and Recommendation ("Report") of United States Magistrate Judge Robert S. Ballou (docket no. 20); Plaintiff's objections (docket no. 21) to the Report; and the response (docket no. 22) thereto filed by the Commissioner of Social Security ("Commissioner," or "Defendant").

In his Report, the magistrate judge recommends that I affirm the Commissioner's final decision denying Plaintiff's claims for disability insurance benefits and supplemental security income under the Social Security Act (the "Act"). Plaintiff timely filed objections to the Report, obligating the court to undertake a *de novo* review of those portions of the Report to which proper objections were lodged. 28 U.S.C. § 636(b); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). Having conducted such a review, I find that the objections are without merit and that the magistrate judge was correct in finding that the Commissioner's final decision is supported by substantial evidence and that Plaintiff did not meet her burden of establishing that she was disabled under the Act. Accordingly, for the reasons stated herein, I will overrule Plaintiff's objections and will adopt the magistrate judge's Report *in toto*.

## I.

The Commissioner's factual findings must be upheld if they are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (citation omitted), and consists of "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is responsible for evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545. Any conflicts in the evidence are to be resolved by the Commissioner (or his designate, the administrative law judge, or "ALJ"), not the courts, and it is immaterial whether the evidence will permit a conclusion inconsistent with that of the ALJ. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). The court may not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Instead, the court may only consider whether the ALJ's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Craig*, 76 F.3d at 589. However, determining whether the evidence presented by the ALJ to support his decision amounts to substantial evidence is a question of law, and therefore will be considered anew. *Hicks v. Heckler*, 756 F.2d 1022, 1024-25 (4th Cir. 1985) (*abrogated on other grounds by Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir. 1988). Furthermore, "ALJs have a duty to analyze 'all of the

relevant evidence' and to provide a sufficient explanation for their 'rationale in crediting certain evidence.'" *Bill Branch Coal Corp. v. Sparks*, 213 F.3d 186, 190 (4th Cir. 2000) (citations omitted).

Federal Rule of Civil Procedure 72 permits a party to submit objections to a magistrate judge's ruling to the district court within fourteen days of the order. Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b). The district court conducts a *de novo* review of those portions of a magistrate's report and recommendation to which specific objections were made. Fed. R. Civ. P. 72(b)(3); *Orpiano*, 687 F.2d at 48. General objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object. *Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (2008). Those portions of the magistrate judge's report and recommendation to which no objection are made will be upheld unless they are clearly erroneous or contrary to law. *See Orpiano*, 687 F.2d at 47 (citing *Webb v. Califano*, 468 F. Supp. 825, 830 (E.D. Cal.1979)). The district court may accept, reject, or modify the recommended disposition based on its *de novo* review of the recommendation and the objections made. Fed. R. Civ. P. 72(b)(3).

## II.

As I have already observed, general objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object. *Veney*, 539 F. Supp. 2d at 845. To some extent, Plaintiff's objections here merely repeat arguments already presented, or are conclusory, as when Plaintiff summarily states that "[t]he Report and Recommendation erroneously

concludes that substantial evidence supports the Commissioner's decision." To the extent the objections are sufficiently specific, they must be overruled.

Plaintiff was 23 years old when she claimed that she had become completely disabled by knee and back pain. An independent physician made few findings to support the claim of total disability, and all of the physician opinions contained in the record disclose that, during the period at issue, Plaintiff remained capable of a range of light work. The magistrate judge correctly determined that the record contained substantial evidence to support the ALJ's conclusion that Plaintiff could perform at least a range of light work.

Evaluating Plaintiff's complaints of pain, both the ALJ and the magistrate judge adhered to the Commissioner's regulations and the legal principles articulated by the United States Court of Appeals for the Fourth Circuit in *Craig v. Chater, supra*. Plaintiff challenges the legal principles the magistrate judge applied to test the ALJ's assessment of Plaintiff's credibility, but her challenge lacks merit. In passing, Plaintiff cites *Walker v. Bowen*, 889 F.3d 47 (4th Cir. 1989), which stands for the principle that "there need not be objective evidence of the pain itself or its intensity." *Id.* at 49. But, as explained in *Craig v. Chater*, the regulatory and statutory scheme

> specifically provide for the consideration of objective medical evidence of the pain (if any such evidence exists) in the evaluation of its intensity and persistence. However, because pain is subjective and cannot always be confirmed by objective indicia, claims of disabling pain may not be rejected *"solely* because the available objective evidence does not substantiate [the claimant's] statements" as to the severity and persistence of her pain. 20 C.F.R. §§ 416.929(c)(2) & 404.1529(c)(2) (emphasis added); *see also Walker*, 889 F.2d at 49 ("[T]here need not be objective evidence of the pain itself or its intensity."); *Foster* [*v. Heckler*, 780 F.2d 1125, 1129 (4th Cir. 1986)] (same). That is, once a medically determinable impairment which could reasonably be expected to produce the pain alleged by the claimant is shown by objective evidence, the claimant's allegations as to the severity and persistence of her pain may not be dismissed merely because objective evidence of the pain itself (as opposed to the existence of an

> impairment that could produce the pain alleged), such as inflamed tissues or spasming muscles, are not present to corroborate the existence of pain.

*Craig*, 76 F.3d at 595. Nonetheless, "[t]his is not to say"

> that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work. *Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers*[.]

*Id.* (emphasis added).

Applying these standards, the magistrate judge determined that "substantial evidence supports the ALJ's determination that [Plaintiff's] pain complaints are only partially credible," given that "neither [her] subjective pain complaints nor the objective medical evidence in the record support a finding of debilitating pain." Although Plaintiff asserted that her "complaints of pain have been consistent and are well document in her medical records," the magistrate judge found that "[t]his [was] not the case," as the record disclosed that Plaintiff's "subjective pain assessments have ranged from zero to seven," and there were "often gaps of many months in between her medical visits complaining of pain." Moreover, Plaintiff received only "conservative treatment to address her complaints of pain," and she used only ibuprofen to treat her pain symptoms (even when she was covered by a medical assistance program), and she reported on pain questionnaires in August 2006 and July 2008 that she took no pain medication at all. She engaged in a broad array of daily activities that the ALJ reasonably found to be inconsistent with "the limitations one would expect from an individual disabled by pain." Plaintiff objects that the ALJ and the magistrate judge should have found that she only could clean four to six hours per week, and that they should not have concluded that she played with

her children every day. But the activity questionnaire in the administrative record includes her statements that she spent her days occupied on her computer and that she was able to clean, cook, bathe, and play with her children, without help, on a daily basis. Plaintiff's disagreement with the ALJ's interpretation of her statements is unwarranted.

The magistrate judge observed that the physicians who examined Plaintiff "never observed her to be in acute distress or discomfort." And, as the magistrate judge observed, "the ALJ cited the opinions of the examining and reviewing physicians, all of whom agreed that none of [Plaintiff's] impairments precluded her from performing any substantial gainful activity." The magistrate judge correctly determined the the ALJ applied the regulatory framework to the facts in the record and reached the entirely reasonable conclusion that the objective medical evidence (including Plaintiff's "limited complaints of knee and back pain"), the evidence of Plaintiff's conservative course of treatment, and the evidence concerning Plaintiff's daily activities all suggested that her impairments were not as severe as she alleged. As the magistrate judge stated, "nothing in the medical records give[s] any objective indication of pain so severe as to render [Plaintiff] disabled." The conclusions of the magistrate judge and the ALJ comport with applicable law and are supported by substantial evidence in the record

Accordingly, the objections must be overruled.

### III.

Having undertaken a *de novo* review of the Report, I find that Plaintiff's objections are without merit. My review of the record indicates that the magistrate judge was correct in finding that the Commissioner's final decision is supported by substantial evidence and that Plaintiff did not meet her burden of establishing that she was disabled under the Act. Accordingly, I will

enter an order overruling Plaintiff's objections, adopting the magistrate judge's Report *in toto*, granting the Commissioner's motion for summary judgment, denying Plaintiff's motion for summary judgment, and dismissing this action and striking it from the active docket of the court.

Entered this 30th day of January, 2013.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE